IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHE BAG, LLC,<br><br>               Plaintiff,<br><br><br>     vs.<br><br><br>REBECCA COOK,<br>             Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:09-CV-166TC |

Plaintiff Miche Bag, LLC (Miche Bag), filed this action alleging Defendant Rebecca Cook was selling items over the internet that infringed on its registered trademark. Ms. Cook filed a motion to dismiss, arguing that this court lacks personal jurisdiction over her. Because Ms. Cook has insufficient contacts with Utah to permit the exercise of jurisdiction over her under either the Utah long arm statute or the due process clause of the Constitution, the motion to dismiss is GRANTED.

## BACKGROUND

Miche Bag, a Utah limited liability company, manufactures and distributes a line of handbags, purses, and removable decorative covers. It is the owner of the registered trademark "Miche" for use in connection with purses, handbags, and associated decorative covers. Ms. Cook manufactures fabric covers that fit Miche purses and handbags. She operates this business out of her home in Manassas, Virginia. Ms. Cook sells these covers through the internet auction site, eBay. Ms. Cook's eBay profile advertises that her covers "fits Miche Shell." (Dec. Rebecca

Cook, April 2, 2009, Ex. A)

On February 17, 2009, Miche Bag contacted Ms. Cook and informed her that it believed her fabric covers and her advertisements on eBay infringed its trademark. After negotiations between the parties did not resolve the conflict, Miche Bag filed this lawsuit.

## ANALYSIS

Ms. Cook argues that there is no personal jurisdiction over her in Utah. Miche Bag maintains that Ms. Cook's contacts with Utah are sufficient to allow the court to exercise specific jurisdiction. Miche Bag relies on Ms. Cook's advertisement of and attempts to sell products to Utah residents through her eBay auction site. It also requests the right to conduct expedited discovery to establish facts pertaining to Ms. Cook's contacts with Utah.

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." Soma Medical Int'l v. Standard Chartered Bank, 196 F.3d 1292, 1295 (10th Cir. 1999) (quotation omitted). Where no evidentiary hearing has been held "the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." Id. (quotation omitted). In addition, all factual disputes must be resolved in the favor of the Plaintiff. Bell Helicopter Textron, Inc. v. Heliqwest Int'l, Ltd., 385 F.3d 1291, 1295 (10th Cir. 2004).

I.  State Law

The Utah legislature has expressly stated that the long arm statute "should be applied so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." Utah Stat. §

2

78B-3-201.  The Utah Supreme Court has explicitly upheld that policy.  SII MegaDiamond, Inc.
v. Am. Superabrasives Corp., 969 P.2d 430, 433 (Utah 1998).  Accordingly, if jurisdiction over
Ms. Cook is consistent with the Due Process Clause, Utah's long arm statute will authorize the
exercise of such jurisdiction.

II.  Due Process Analysis

        The well-established constitutional analysis for determining whether a court has
jurisdiction over a defendant requires that a defendant have certain "minimum contacts" with the
forum state.  World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 (1980).  Contacts
with a forum state may result in specific or general jurisdiction over the Defendant.  Here, Miche
Bag contends only that specific jurisdiction exists over Ms. Cook.  A court may assert specific
jurisdiction "if the defendant has purposefully directed his activities at residents of the forum and
the litigation results from alleged injuries that arise out of or relate to those activities."  Burger
King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985).

        A two-step inquiry governs the analysis of specific jurisdiction under the Fourteenth
Amendment's Due Process Clause.  First, the court considers whether "the defendant's conduct
and connection with the forum State are such that he should reasonably anticipate being haled
into court there."  World-Wide Volkswagen Corp., 444 U.S. at 297.  If this condition is satisfied,
the court turns to the question of whether the exercise of personal jurisdiction under these
circumstances would offend "traditional notions of fair play and substantial justice."  Asahi
Metal Indus. Co. v. Superior Court of Calif., 480 U.S. 102, 113 (1987).

        To support specific jurisdiction, the minimum contacts must be such that a defendant
purposefully availed herself of the privilege of conducting activities within the forum State.

Benton v. Cameco Corp., 375 F.3d 1070, 1076 (10th Cir. 2004).  "A defendant's contacts are sufficient if the defendant purposefully directed [her] activities at residents of the forum, and the plaintiff's claim arises out of or results from actions by the defendant [herself] that create a substantial connection with the forum state."  Id. (quotation and alteration omitted).  "This requirement of purposeful availment for purposes of specific jurisdiction precludes personal jurisdiction as the result of random, fortuitous, or attenuated contacts."  Bell Helicopter Textron, Inc., 385 F.3d at 1296.

The purposeful availment that Miche Bag points to arise out of Ms. Cook's eBay site. Miche Bag points to case law holding that personal jurisdiction existed where a defendant had a website selling products that were available to individuals in the forum state, regardless of whether any products had actually be sold there.  See, e.g., Stomp, Inc. v. NeatO, LLC, 61 F. Supp. 2d 1074, 1078 (C.D. Cal. 1999) ("By maintaining a commercial website through which it markets and sells its goods, NeatO has reached out beyond its home state of Connecticut to avail itself of the benefits of the California forum.").

But the cases discussed by the Plaintiff involved situations in which the defendant maintained an interactive commercial website, not where the user had an account with an online auction site.  The question of whether an eBay seller is subject to personal jurisdiction in any forum where a buyer might reside has not been considered by the Tenth Circuit.  Most courts to consider the question have concluded that eBay users are not analogous to the operators of independent sites.  Rather, these courts have held that any contacts that might be made from sales of the product to the forum case are too "random," fortuitous," and "attenuated" to give rise to personal jurisdiction.  Action Tapes, Inc. v. Weaver, No. Civ. 3:05-CV-1693, 2005 WL 3199706,

4

*3 (N.D. Tex. 2005) ("Courts that have looked at the question of personal jurisdiction based on eBay transactions have uniformly held that the usual online auction process does not rise to the level of purposeful conduct required to assert specific jurisdiction."); United Cutlery Corp. v. NFZ, Inc., No. Civ. CCB-0301723, 2003 WL 22851946, *4 (D. Md. 2003) (concluding defendant who exercised no control over the ultimate winner in an internet auction did not direct activity into the forum state); Winfield Collection, Ltd. v. McCauley, 105 F. Supp. 2d 746, 748 (E.D. Mich. 2000) (finding that seller who had an eBay site that had made sales to the forum state did not purposefully avail herself of the privilege of doing business in the forum).  This distinction arises out of the function of a traditional commercial website and an eBay profile. Specifically, eBay operates by selling through an auction.  The bidder with the highest bid at the end of the auction is entitled to purchase the item for the amount bid.  Unlike a private internet site, an eBay seller does not exercise control over the ultimate winner of the auction, authority over the maintenance of the website, nor control over the targeted audience.  United Cutlery Corp., 20003 WL 22851946 at *4.

This reasoning is both applicable and persuasive here.  Any sales Ms. Cook might have made through her eBay profile are the type of "random, fortuitous, or attenuated contacts" that cannot serve as a basis for personal jurisdiction.[1]  Bell Helicopter Textron, Inc., 385 F.3d at 1296. Through her eBay activities, Ms. Cook has not deliberately "engaged in significant activities within" Utah nor has she "created continuing obligations" between herself and Utah residents

---

[1]There is no evidence that Ms. Cook made any sales to Utah.  But even assuming that she had made such sales, the analysis here would not be different.  See Winfield Collection, Ltd. v. McCauley, 105 F. Supp. 2d 746, 748 (E.D. Mich. 2000).

such that she manifestly availed herself "of the privilege of conducting business there." <u>Burger King</u>, 471 U.S. at 475-76.

III.  <u>Express Aiming of Tortious Conduct</u>

The court requested that the parties address the issue of whether it could exercise personal jurisdiction  over Ms. Cook under the standard described in <u>Dudnikov v. Chalk & Vermilion Fine Arts, Inc.</u>, 514 F.3d 1063 (10th Cir. 2008).  In <u>Dudnikov</u>, the court, following the Supreme Court's holding in <u>Calder v. Jones</u>, 465 U.S. 783 (1984), noted  that a defendant purposefully directed activities at the forum state when (a) the defendant committed an intentional act, (b) "expressly aimed at the forum state," (c) with the knowledge that the injury would be primarily felt in the forum state.  <u>Dudnikov</u>, 514 F.3d at 1072.

Under this test, Miche Bag's allegation that Ms. Cook knew of the Miche mark and willfully and fragrantly disregarded Miche Bag's rights over the mark show an intentional act by Ms. Cook that is sufficient to meet the first step.

The second step, which asks if a defendants actions were expressly aimed at the forum state, "focuses more on a defendant's intentions—where was the 'focal point' of its purposive efforts." <u>Dudnikov</u>, 514 F.3d at 1075.  To be expressly aimed at the forum state, a defendant's actions must do more than individually target a known forum resident. <u>Id.</u> at 1074 n.9.  Rather, "the forum state itself must be the focal point of the tort." <u>Id.</u> (quotation omitted); <u>Far West Capital, Inc. v. Towne</u>, 46 F.3d 1071, 1080 (10th Cir. 1995).

Miche Bag argues that this element is satisfied in three ways.  First, according to Miche Bag, when Ms. Cook sold her product on eBay, which has a physical presence in Utah through a customer service center, Ms. Cook expressly aimed her actions at Utah.  But this is precisely the

type of random and fortuitous contact that cannot support personal jurisdiction.  See Bell

Helicoptor Textron, Inc., 385 F.3d at 1296.

Second, Miche Bag argues that  this case is analogous to Dudnikov because Ms. Cook,

like the defendant in that case, engaged in acts that intended to harm the Plaintiff's business

which is located in Utah.  As explained in Dudnikov, "'something more' than foreseeability [is]

required to establish personal jurisdiction."  514 F.3d at 1077.  In Dudnikov, that "something

more" was established by the defendant's efforts to shut down the eBay auction of the plaintiffs,

who were located in the forum state.  Id.  The purpose of the alleged tort was to stop an activity

in the forum state.  Here, there is no element establishing "something more."  Although Ms.

Cook may have known her conduct would be felt in Utah, those effects were "no more than

foreseeable side-effects."  Id.  Her purpose was not to cause any event in Utah, rather it was to

sell a product nationwide.

Finally, Miche Bag argues that Ms. Cook expressly aimed her actions at Utah by reaching

a significant audience of its customers through the eBay site.  But it makes no allegations that its

customers are disproportionately located in Utah as required by Calder.  465 U.S. at 788-89; see

also Jayhawk Capital Mgmt, LLC v. Primarius Capital LLC, 2008 WL 4305382, *5 (D. Kan.

2008).  Accordingly, Ms. Cook did not expressly aim her conduct at Utah and this court is

without personal jurisdiction over her.

IV.  Discovery Request

Miche Bag requests the right to conduct expedited discovery to establish facts justifying

jurisdiction.  Miche Bag does not explain what those facts might be or what questions remain

unanswered.  Nor can the court conceive of any avenues of discovery that might establish

jurisdiction.  The request is accordingly denied.

## ORDER

For the foregoing reasons, the motion to dismiss is GRANTED.

DATED this 17th day of June, 2009.

BY THE COURT:

TENA CAMPBELL
Chief Judge